# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM GARDINER,           )
                            )
            Plaintiff,      )
                            )
      v.                    )      1:21CV971
                            )
KAREN KOCHER,               )
                            )
            Defendant.      )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff William Gardiner moves for leave to amend the Complaint and to amend the scheduling order, if necessary. (Docket Entry 19.) Also before the Court is Defendant Karen Kocher's motion to compel Plaintiff to respond to discovery requests served upon him. (Docket Entry 27.) Both matters are opposed (*see* Docket Entries 22, 29) and are ripe for disposition. For the following reasons, the undersigned recommends that Plaintiff's motion be granted. Further, the Court will deny Defendant's motion to compel.

## I. BACKGROUND

Plaintiff's original Complaint raises eight causes of action against Defendant, including claims for breach of contract, quasi-contract and unjust enrichment, implied-in-fact contract, constructive trust, and purchase money resulting trust. (*See* Compl., Docket Entry 1.) These claims arise after the termination of Plaintiff and Defendant's romantic relationship, upon which Plaintiff demands the return or repayment of funds he claims to have advanced for the benefit of Defendant for (1) the purchase of a membership interest in Performitiv, LLC, a privately-held company that Plaintiff and Defendant invested in and which Defendant still

owns; and (2) the purchase of a home in Pinehurst, North Carolina (the "Pinehurst Home"), which Defendant received sole legal title to and currently resides in. (*See id.*) In response to the original Complaint, Defendant asserted several defenses, including the doctrine of unclean hands, and asserted four counterclaims against Plaintiff including claims for breach of contract, quasi-contract/unjust enrichment, and implied-in-fact contract for the Pinehurst Home, and unjust enrichment for a condominium which Plaintiff purchased in Seattle, Washington ("Seattle Condominium") although Defendant expected that the parties would share in the appreciation of the property. (*See* Docket Entry 8.) In his reply to Defendant's counterclaims, Plaintiff asserted several affirmative defenses. (Docket Entry 9.) Discovery commenced in this action in April 2022 with a deadline of June 1, 2022, for the parties to seek leave to join additional parties. (*See* Docket Entries 13, 14.) Plaintiff filed the pending motion for leave to amend the Complaint and scheduling order on July 27, 2022. (Docket Entry 19.) Then on September 27, 2022, Defendant filed the pending motion to compel. (Docket Entry 27.)

## II. DISCUSSION

A. <u>Plaintiff's Motion for Leave to Amend the Complaint and Scheduling Order</u>

In Plaintiff's motion, he seeks leave to amend his Complaint "to add [Defendant's] capacity as trustee to afford complete relief on Plaintiff's claims for imposition of an equitable trust on the [Pinehurst] home" (Docket Entry 20 at 2),[1] which Defendant conveyed to herself "as trustee of the Karen Kocher Revocable Trust dated Feb. 17, 2021" (*id.*; *see also* Proposed

---

[1] Unless otherwise noted, all citations in this order and recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

First Am. Complaint, Docket Entry 19-2). While Plaintiff's original Complaint seeks recovery of the funds he advanced to Defendant, Plaintiff's Complaint also seeks alternative relief through the imposition of a purchase money resulting trust or a constructive trust on the Pinehurst Home. (*See* Compl. ¶¶ 49-57.) Therefore, Plaintiff argues that including Defendant's capacity as trustee is necessary to afford complete relief. (Docket Entry 20 at 2.)

Plaintiff also contends that an amendment of the scheduling order is not necessary but argues that, to the extent that his motion is considered as a motion to join a new party, "the Court should amend the scheduling order in the interests of justice, to afford complete relief and to eliminate the need for an additional action against [Defendant] in her capacity as trustee." (*See* Docket Entry 20 at 3.) Plaintiff claims that the amendment does not require any additional discovery, nor will it cause prejudice to Defendant. (*Id.* at 9.) Defendant opposes Plaintiff's motion, arguing the proposed amended complaint "serves no meaningful purpose," and that the additional time and expense associated with amending the Complaint would be prejudicial to her. (*See* Docket Entry 22.) Specifically, Defendant claims that amending the Complaint would result in new and costly issues concerning the trust's beneficiaries including "whether the trust's beneficiaries must be joined as necessary parties under Rule 19" and whether the added beneficiary parties would raise jurisdictional concerns, as "the trust at issue has seven primary beneficiaries that reside in different states." (*Id.* at 4-5.) In addition, Defendant argues that the motion should be denied because Plaintiff already has an adequate remedy at law: monetary relief. (*Id.* at 6-7.)

When deciding on a motion to amend, the Court engages in a Federal Rule of Civil Procedure 15(a) analysis, which provides that leave to amend should be "freely given when

3

justice so requires." *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002) (quoting Fed. R. Civ. P. 15(a)). While the Fourth Circuit liberally allows amendments, "a court may deny leave to amend if amendment is prejudicial to the opposing party, the moving party has acted in bad faith, or amendment would be futile." *Sciacca v. Durham Cnty. Bd. of Educ.*, 509 F. Supp. 3d 505, 515 (M.D.N.C. 2020) (citing *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018).

Here, the undersigned concludes that the amendment should be allowed. The amendment adds Defendant's capacity as trustee to the trust in which the Pinehurst Home was transferred to. This adds no new claims but relates to claims for the imposition of a resulting trust and constructive trust already in the original Complaint. Defendant's argument against the proposed amendment focuses on the prejudicial effect it would have on her. (Docket Entry 22.) However, this argument is unpersuasive. First, the proposed amendment would not implicate the trust's beneficiaries. Defendant points to the general rule under North Carolina law that all beneficiaries are necessary parties in "suits, respecting the trust property, brought either by or against the trustees." *Dunn v. Cook*, 204 N.C. App. 332, 337, 693 S.E.2d 752, 756 (2010) (citation omitted). However, the relevant challenge here to the Pinehurst Home involves Plaintiff as a third-party to the trust property. In *Slaughter v. Swicegood*, the North Carolina Court of Appeals summarized the general rule in regard to disputes with third parties:

> The trustee has a title (generally legal title) to the trust property, usually has its possession and a right to continue in possession, and almost always has all the powers of management and control which are necessary to make the trust property productive and safe. Any wrongful interference with these interests of the normal trustee is therefore a wrong to the trustee and gives him a cause

4

> of action for redress or to prevent a continuance of the improper conduct. Although the beneficiary is adversely affected by such acts of a third person, no cause of action inures to him on that account. The right to sue in the ordinary case vests in the trustee as a representative.
>
> . . . .
>
> In the absence of special circumstances, the beneficiary is not eligible to bring or enforce these causes of action which run to his trustee. Thus in the usual case he cannot sue a third person to recover possession of the trust property for himself or the trustee, or for damages for conversion of or injury to the trust property, or for recovery of its income or to compel an agent of the trustee to account, or to enjoin a threatened injury to trust property by a third person.

162 N.C. App. 457, 464, 591 S.E.2d 577, 582 (2004) (citation omitted). *See also* Restatement (Second) of Trusts § 280 ("In an action at law brought by the trustee against a third person, the beneficiary is not a necessary or proper party. In a suit in equity brought by the trustee against a third person, the beneficiary is ordinarily not a necessary party although he is a proper party.").

This Court recently cited *Swicegood* stating that, absent exceptions, the general rule is that the trustee is the necessary party for redressing claims regarding injury to a trust property. *See Fraim v. Chilly Dil Consulting, Inc.*, No. 1:20CV1011, 2022 WL 2916863, at *12 (M.D.N.C. July 25, 2022) (unpublished) (citing *Swicegood*, 162 N.C. App. at 465, 591 S.E.2d at 582-83 ("Under the general common law rule, injury to the property placed in a trust may only be redressed by the trustee."), *report and recommendation adopted*, No. 1:20-CV-1011, 2022 WL 3572848 (M.D.N.C. Aug. 19, 2022) (unpublished). Another jurisdiction citing *Swicegood*, also applied the same rule. *See Rudd v. Branch Banking & Tr. Co.*, No. 2:13-CV-02016-JEO, 2016 WL 7177538, at *8 (N.D. Ala. Aug. 8, 2016) (unpublished) (applying Alabama law and holding

5

that "[t]he court agrees with [the defendant] that the Amended Complaint is due to be dismissed to the extent that Plaintiffs assert claims in their individual capacities as *beneficiaries* to recover for harm suffered by any of the four Goodwin Family Trusts, including for the lost value of their respective assets.") (emphasis added).[2]

In the context of suits brought by third parties related to actions against a trust property, some other jurisdictions have applied the same rule to the defense of such actions. *See e.g.*, *United States v. Sullivan*, No. 10 CR 821-1, 2016 WL 1626622, at *5 (N.D. Ill. Apr. 21, 2016) (unpublished) ("Courts have repeatedly held that in suits by third parties brought against the trust property, where there is no conflict of interest between the trustee and the beneficiary, a suit against the trustee is proper and the beneficiary is not a necessary party.") (citing George G. Bogert et al., *The Law of Trust and Trustees* § 593 (2015) ("The earlier equity rule was that the beneficiary was always a necessary party, but the present position of the courts is that the trustee may represent the beneficiary in all actions relating to the trust, if rights of the beneficiary as against the trustee, or the rights of the beneficiaries among themselves, are not brought into question."); *see also Sullivan v. Kodsi*, 373 F. Supp. 2d 302, 310 (S.D.N.Y. 2005) ("[T]he beneficiaries' interest is sufficiently protected by the present trustee . . . who has been named as a defendant in his representative capacity . . . and, who is not alleged to have any interest which conflicts with those of the Trust's beneficiaries."). Defendant has not asserted any conflict of interest between her and any beneficiaries. Moreover, allowing Defendant as the trustee to defend against the instant action pertaining to the trust property is also consistent with both the duties and discretionary powers of a trustee under the North Carolina Uniform

---

[2] The defendant in *Rudd* was a previous institutional co-trustee.

6

Trust Code. *See* N.C. Gen. Stat. § 36C-8-811 ("A trustee shall take reasonable steps to enforce claims of the trust and to defend claims against the trust.");[3] N.C. Gen. Stat. § 36C-8-816(14) (a trustee may "[p]ay or contest any claim, compromise, adjust or otherwise settle a claim by or against the trust, and release, in whole or in part, a claim belonging to the trust."). Thus, considering such, the undersigned concludes that the proposed amendment does not implicate the beneficiaries of the trust at issue.[4]

Defendant also argues that amending the Complaint serves no meaningful purpose because Plaintiff has an adequate remedy at law. (Docket Entry 22 at 6-7.) This argument too is unpersuasive. Interestingly, the claims for a constructive trust and resulting trust are already alleged in the original Complaint and Defendant made no motion to dismiss them. As Plaintiff states, the amendment seeks only to add Defendant's capacity as the trustee of the trust property that Plaintiff is alleged to have paid for in part. (*See* Proposed First Am. Compl., Docket Entry 19-2.) Beyond that, Defendant's argument presumes that one cannot allege a claim for both monetary relief and an alternative claim for a resulting or constructive trust.[5] However, "[a]s a general matter, . . . an equitable claim can be alleged as an alternative to a legal claim." *Ernst v. N. Am. Co. for Life & Health Ins.*, 245 F. Supp. 3d 680, 687 (M.D.N.C.

---

[3] The North Carolina Supreme Court held that a duty to defend under N.C. Gen. Stat. § 36C-8-811 "arises when the action may result in a loss to the trust estate." *Wing v. Goldman Sachs Tr. Co., N.A.*, 382 N.C. 288, 311-12, 876 S.E.2d 390, 406 (2022).

[4] For the same reasons, Defendant's argument that the proposed amendment would "require the parties to litigate additional issues" (Docket Entry 22 at 3) also fails.

[5] As Plaintiff points out, the North Carolina Court of Appeals was presented with a case which alleged many similar claims as those here related to the Pinehurst Home. *See Cury v. Mitchell*, 202 N.C. App. 558, 688 S.E.2d 825 (2010) (reversing dismissal of claims for constructive trust and resulting trust); *Cury* Complaint, Docket Entry 26-2 (asserting claims for constructive trust/unjust enrichment, resulting trust, and breach of contract).

7

2017) (citation omitted). While "equitable remedies are generally only available in the absence of legal remedies," *id.* (citation omitted), and the creation of a constructive trust may be unwarranted if remedies at law are sufficient, *see Sec. Nat. Bank of Greensboro v. Educators Mut. Life Ins. Co.*, 265 N.C. 86, 95, 143 S.E.2d 270, 276 (1965) (citation omitted) ("A constructive trust does not arise where there is no fiduciary relationship and there is an adequate remedy at law."), Defendant has pointed to no case law where seeking monetary and equitable remedies is improper when a party had paid a portion of the purchase price for the real property, but had received neither an interest in the real property nor a refund of the money.

Ultimately, "[w]hether monetary damages will provide a claimant an adequate remedy at law depends upon the facts of the case and the injury in question." *In re Se. Eye Ctr.-Pending Matters*, No. 15 CVS 1648, 2019 WL 2051336, at *61 (N.C. Super. May 7, 2019) (unpublished) (citation omitted). As in other instances, such determination here is most appropriately made upon development of the record. *See e.g., Alkemal Singapore Priv. Ltd. v. DEW Glob. Fin., LLC*, No. 15 CVS 1406, 2018 WL 1942174, at *18 (N.C. Super. Apr. 19, 2018) (after a bench trial and finding that the plaintiff was entitled to compensatory damages for the defendant finance company's breach of contract and conversion of funds, the North Carolina Business Court concluded that "the creation of a constructive trust is unwarranted because Plaintiff's *successful* contract claim provides an adequate remedy at law.") (emphasis added); *see also Brown v. Secor*, No. 16 CVS 608, 2020 WL 6696101, at *12 (N.C. Super. Nov. 13, 2020) (unpublished) ("Depending on the circumstances, a plaintiff may be entitled to a constructive trust even when money is the object and even when a jury awards damages . . . . If the facts show that an adequate remedy at law exists, that may counsel against imposing a constructive trust . . . . This

8

decision is better made with a more complete record . . . ."). For these reasons, Defendant's arguments against allowing the amendment are unpersuasive. Thus, in the interests of justice, Plaintiff's motion should be granted.[6]

B. Defendant's Motion to Compel

Defendant moves for an order compelling Plaintiff to respond to discovery requests served upon him. (Docket Entry 27.) Specifically, Defendant seeks a response to Numbers 8, 11, and 17 of her First Set of Interrogatories and Number 5 of her First Set of Requests for Production of Documents, narrowing the scope of her original requests. (*Id.*; *see also* Docket Entry 28-5.) These discovery requests relate to Plaintiff's general finances (including information about assets, gifts, loans, and investments) during the five-year period at issue in the Complaint. Defendant contends that such discovery is needed to establish facts that support her unclean hands defense to Plaintiff's equitable claims and to support Defendant's counterclaims. (Docket Entry 28.) Plaintiff objects to the discovery requests on grounds that the "broad, general, personal financial information" sought is "irrelevant to any party's claim or defense and thus outside the scope of discovery" and also "utterly disproportionate to the needs of the case." (Docket Entry 29 at 1.)

Federal Rule 26 provides general rules regarding the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

---

[6] As to the issue of amending the scheduling order, Defendant states that "[t]he deadline to add additional parties expired on June 1, 2022, further weighing in favor of denying the motion." (Docket Entry 22 at 3 n.1 (citation omitted).) For the reasons already discussed herein, the undersigned concludes that there is good cause warranting leave to amend the scheduling order to allow Plaintiff to add Defendant's capacity as a trustee. *See Wall Recycling, LLC v. 3TEK Glob., LLC*, No. 1:20CV371, 2022 WL 594290, at *2 (M.D.N.C. Feb. 28, 2022) (unpublished) (finding good cause for an amendment where "there is no evidence that doing so would result in unfair prejudice to [the non-movant]").

Case 1:21-cv-00971-LCB-JLW   Document 32   Filed 12/08/22   Page 9 of 13

> considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995); *Erdmann v. Preferred Research, Inc. of Georgia*, 852 F.2d 788, 792 (4th Cir. 1988). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Carter Hughes v. Research Triangle Inst.*, No. 1:11CV546, 2014 WL 4384078, at *2 (M.D.N.C. Sept. 3, 2014) (unpublished) (citation omitted).

Relevancy "essentially involves a determination of how substantively the information requested bears on the issues to be tried." *Mills v. East Gulf Coal Preparation Co., LLC*, 259 F.R.D. 118, 131 (S.D. W. Va. 2009) (internal quotation marks omitted) (collecting cases). Indeed, relevance has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Shackleford v. Vivint Solar Dev. LLC*, No. CV ELH-19-954, 2020 WL 3488913, at *5 (D. Md. June 25, 2020) (internal quotation marks and citation omitted). However, "[e]ven assuming that th[e] information is relevant (in the broadest sense), the simple fact that requested information is discoverable . . . does not mean that discovery must be had. On its own initiative . . ., a district court may limit [discovery] . . . ." *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

Here, the undersigned concludes that the discovery requests are irrelevant to both Defendant's unclean hands defense to Plaintiff's equitable claims, and Defendant's counterclaims. As to the former, the doctrine of unclean hands "denies equitable relief only to litigants who have acted in bad faith, or whose conduct has been dishonest, deceitful, fraudulent, unfair, or overreaching in regard to the transaction in controversy." *Collins v. Davis*, 68 N.C. App. 588, 592, 315 S.E.2d 759, 762, *aff'd*, 312 N.C. 324, 321 S.E.2d 892 (1984). Defendant's unclean hands defense states that:

> [Plaintiff's] claims in equity are barred, in whole or in part, by the doctrine of unclean hands. The purchase price of the Pinehurst house was $1.6 million—far more than [Defendant] was willing to pay for a large, rural house requiring substantial upkeep and maintenance. [Plaintiff] was aware that [Defendant] did not want to be responsible for the purchase price or the cost and upkeep of the Pinehurst house alone. Yet, [Plaintiff] was insistent that [Defendant] purchase the Pinehurst house over her objections.
>
> [Plaintiff] induced [Defendant] to purchase the Pinehurst house by promising to pay two-thirds of the purchase price and two-thirds of the costs and expenses of ownership. Despite agreeing to pay two-thirds of the purchase price ($1.067MM), [Plaintiff] paid less than a quarter of it ($300,000). As a result of [Plaintiff's] breach, [Defendant] was forced to take on—and maintain—a mortgage for substantially more than she had agreed to pay.

(Docket Entry 8 at 9-10.)

In her counterclaims, Defendant alleges that Plaintiff agreed to pay for two-thirds of the expenses of owning and maintaining the Pinehurst home. (*See* Docket Entry 8.) Defendant contends that the financial information sought from Plaintiff is relevant and "will

11

assist in determining the truthfulness of [Plaintiff's] statements to [Defendant] that he did not have the liquidity necessary to pay for his two-thirds portion of the house and intended to pay her back as soon as possible[.]" (Docket Entry 28 at 5.) The motion before the Court is not to determine the merits of either parties' claims nor the legal sufficiency of Defendant's affirmative unclean hands defense, however considering the pleadings, *see Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992) ("[T]he basic touchstone is always relevance to the subject matter [and] "[t]he 'subject matter' of the litigation is defined by the pleadings of the parties."), the broad range of Plaintiff's financial information (including information on assets, gifts, loans and investments) which Defendant seeks is irrelevant to this matter. Regarding the Pinehurst Home, this is a matter in which Plaintiff seeks either legal or equitable relief for the funds advanced on the purchase of the property, while Defendant's counterclaims seek relief for two-thirds of the expenses that Plaintiff allegedly agreed to own and maintain said home in exchange for Defendant's agreement to purchase the property. Fittingly, Plaintiff represents to the Court that some of his financial information related to both the Pinehurst Home and the Seattle Condominium have been provided to Defendant (*see* Docket Entry 29 at 3 (Plaintiff "has produced voluminous financial records, including dozens of bank statements and credit card statements over a six-year period, reflecting the thousands of dollars he spent on the Seattle and Pinehurst residences[.]")).[7] However while Defendant suggests otherwise, neither her counterclaims nor her unclean hands defense open

---

[7] Plaintiff has also provided information regarding real property owned and sold from January 2015 until July 2022. (*See* Docket Entry 28-3 at 9.)

12

the door to discovery of Plaintiff's general financial status. Therefore, Defendant's motion is denied.[8]

### III. CONCLUSION

For the reasons discussed herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Leave to Amend the Complaint and for Amendment of the Scheduling Order, if Necessary (Docket Entry 19) be **GRANTED** and Plaintiff be allowed to file his First Amended Complaint.

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel (Docket Entry 27) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

December 8, 2022
Durham, North Carolina

---

[8] Defendant's request for attorneys' fees associated with bringing this motion is also denied.